O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

RUDY VELASQUEZ,                          )   NO. ED CV 06-636-E
                                         )
                    Plaintiff,           )
                                         )
          v.                             )   **MEMORANDUM OPINION**
                                         )
JO ANNE B. BARNHART, COMMISSIONER        )   **AND ORDER OF REMAND**
OF SOCIAL SECURITY ADMINISTRATION,       )
                                         )
                                         )
                    Defendant.           )
_____ )

     Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

HEREBY ORDERED that Plaintiff's and Defendant's motions for summary

judgment are denied and this matter is remanded for further

administrative action consistent with this Opinion.


                          **PROCEEDINGS**


     Plaintiff filed a complaint on June 28, 2006, seeking review

of the Commissioner's denial of benefits.  The parties filed a

consent to proceed before a United States Magistrate Judge on

July 28, 2006.

1    Plaintiff filed a motion for summary judgment on December 5,
2    2006.  Defendant filed a cross-motion for summary judgment on
3    December 15, 2006.  The Court has taken both motions under submission
4    without oral argument.  See L.R. 7-15; "Order," filed June 30, 2006.

5

6                **BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

7

8    Plaintiff asserts disability based on alleged psychiatric
9    problems (Administrative Record ("A.R.") 54).  Plaintiff's counsel
10   appeared at the hearing before the Administrative Law Judge ("ALJ"),
11   but Plaintiff failed to appear (A.R. 114-19).  The ALJ did not offer
12   to postpone the hearing, deeming Plaintiff a non-essential or
13   unnecessary witness (A.R. 10, 118).

14

15   In the post-hearing decision, the ALJ found Plaintiff has a
16   severe affective disorder and anxiety-related disorder, but retains
17   the residual functional capacity to perform certain medium-level work
18   (A.R. 12-15).  The ALJ deemed Plaintiff's (written) allegations of
19   disabling symptomatology "not entirely credible" (A.R. 13).  The
20   Appeals Council denied review (A.R. 3-5).

21

22                            **STANDARD OF REVIEW**

23

24   Under 42 U.S.C. section 405(g), this Court reviews the
25   Commissioner's decision to determine if: (1) the Commissioner's
26   findings are supported by substantial evidence; and (2) the
27   Commissioner used proper legal standards.  See Swanson v. Secretary,
28   763 F.2d 1061, 1064 (9th Cir. 1985).

1
2

**DISCUSSION**

3          "The ALJ has a special duty to fully and fairly develop the
4     record and to assure that the claimant's interests are considered.
5     This duty exists even when the claimant is represented by counsel."
6     <u>Brown v. Heckler</u>, 713 F.2d 441, 443 (9th Cir. 1983).  "In cases of
7     mental impairments, this duty is especially important."  <u>DeLorme v.</u>
8     <u>Sullivan</u>, 924 F.2d 841, 849 (9th Cir. 1991).  When a claimant fails
9     to appear for an administrative hearing, the ALJ may be required to
10    expand the record by offering a postponement of the hearing to enable
11    the claimant to appear and testify.  <u>See</u> <u>McNatt v. Apfel</u>, 201 F.3d
12    1084 (9th Cir. 2000) ("<u>McNatt</u>").

13

14         In <u>McNatt</u>, the claimant's attorney appeared for the hearing
15    before the ALJ, but the claimant failed to appear.  The claimant's
16    attorney did not request a postponement.  The ALJ did not offer a
17    postponement and instead dismissed the proceeding.  The Ninth Circuit
18    reversed, holding that:

19

20              when a representative appears without a claimant who is
21              an essential witness, the ALJ should offer to postpone
22              the hearing.  McNatt's attorney appeared; McNatt was
23              clearly an essential witness; and the ALJ did not offer
24              to postpone the hearing.  The ALJ's dismissal was
25              therefore in error.  <u>Id.</u> at 1088.

26

27    After <u>McNatt</u>, "it seems well-accepted in this circuit that a
28    continuance must be granted to a claimant who himself fails to appear

3

1  for a hearing, but whose counsel does attend." <u>Keel v. Massanari</u>,

2  2001 WL 1042154 *8 (N.D. Cal. Sept. 6, 2001) (<u>dicta</u>).

3

4       Under these authorities, the ALJ erred in the present case by

5  failing to offer a postponement to enable Plaintiff to appear and

6  testify in person.   The error may have been material.   The present

7  case does not involve the type of alleged disability "such as coma,

8  quadriplegia, or acute psychosis [where] the claimant may not be a

9  necessary witness, and his case may be made entirely on the medical

10 evidence." <u>McNatt</u> at 1090 (Kleinfeld, J., dissenting).   Plaintiff

11 has severe psychiatric problems that may or may not be disabling, and

12 Plaintiff evidently retains the ability to communicate rationally

13 concerning his problems.   Nevertheless, the ALJ found Plaintiff "not

14 entirely credible" without ever having seen or heard Plaintiff

15 testify.   Particularly given the traditional importance of demeanor

16 evidence to an evaluation of credibility, this Court cannot deem the

17 ALJ's error harmless.   <u>See</u> <u>Goldberg v. Kelly</u>, 397 U.S. 254, 269

18 (1970) ("[W]ritten submissions do not afford the flexibility of oral

19 presentations; they do not permit the recipient to mold his arguments

20 to the issues the decision maker appears to regard as important.

21 Particularly where credibility and veracity are at issue . . .

22 written submissions are a wholly unsatisfactory basis for decision .

23 . ."); <u>United States v. Page</u>, 302 F.2d 81, 84 (9th Cir. 1962) ("the

24 testimony of a witness, presented to us in a cold record, may make an

25 impression upon us directly contrary to that which we would have

26 received had we seen and heard that witness"); <u>accord</u> <u>United States</u>

27 <u>v. 1998 BMW</u>, 235 F.3d 397, 400 (8th Cir. 2000) ("judges simply cannot

28 decide whether a witness is telling the truth on the basis of a paper

4

1  record and must observe the witness' demeanor to best ascertain their

2  veracity – or lack thereof"); <u>Bischoff v. Osceola County</u>, 222 F.3d

3  874, 881 (11th Cir. 2000) ("in both the criminal and civil context,

4  credibility determinations generally are most reliable when the fact

5  finder is able to observe the witness in person").

6

7       When a court reverses an administrative determination, "the

8  proper course, except in rare circumstances, is to remand to the

9  agency for additional investigation or explanation." <u>INS v. Ventura</u>,

10  537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is

11  proper where, as here, additional administrative proceedings could

12  remedy the defects in the decision.  <u>McAllister v. Sullivan</u>, 888 F.2d

13  599, 603 (9th Cir. 1989); <u>see generally</u> <u>Kail v. Heckler</u>, 722 F.2d

14  1496, 1497 (9th Cir. 1984).

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**CONCLUSION**

For all of the foregoing reasons,[1] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 11, 2007.


_____/S/_____
                    CHARLES F. EICK
            UNITED STATES MAGISTRATE JUDGE

_____

[1]   The Court has not reached any of the other issues raised by Plaintiff, except insofar as to determine that a reversal to direct the immediate payment of benefits would not be appropriate.